THOMAS P. JOHNSTON and wife v. THOMAS W. HAYNES.

When an account and the report of a referee thereon is directed to be modified and corrected in this Court, and it is referred to the Clerk of this Court to make the necessary corrections, no evidence is admissible before him to show that the account which had been passed upon by this Court was erroneous. In such a case, the duties are only clerical, and the Clerk is right in confining himself to them.

Upon a petition to rehear a judgment rendered in this Court at a former term the Court will not reverse or vary the former judgment unless it plainly appears that injustice was thereby done to the petitioner.

This was a PETITION to rehear the judgment which was rendered against the defendant at the last term of this Cour upon his appeal. The petition was founded upon the affi davit of Luke Blackmer, Esq., and all the matters connected with it will sufficiently appear in the opinion of the Court

*Dupre* and *Jones & Jones*, for plaintiffs.
*Fowle, Bailey*, and *Blackmer & McCorkle*, for defendant.

READE, J. An opinion was delivered in this case at th last term, which settled the principles involved, and passe upon all the exceptions filed by the defendant to the accoun stated and report made by the referees, but it was necessar to make some mere clerical alterations in the account so a to make it conform to the opinion, and then the report wit the account so corrected was confirmed. And it was refe red to the Clerk of this Court to correct the account in cor formity with the opinion. The Clerk reports to this Cou at this term, that he has conformed the account to the opi ion filed. And the defendant excepts to the report in th particular that the Clerk has allowed an interest item stand unabated when the Court had directed an abateme of the item of principal.

The exception is not allowed, because the action of tl Clerk in that particular is in exact accordance with the d cision of the Court under which he acted.

When the Clerk of this Court was reforming the account in conformity with the opinion filed at last term the defendant appeared before him and offered testimony to prove that the account taken and report made and confirmed by the Court at last term was erroneous. The Clerk refused to hear the evidence. In this the Clerk was clearly right, as the reference to him was for no such purpose, but only to perform certain clerical duties. The evidence offered before the Clerk was the affidavit of Luke Blackmer. And the defendant filed the affidavit of Blackmer as the foundation of a motion which he made to the Court to rehear the exceptions which were passed upon at the last term.

It is attempted to be shown by Mr. Blackmer's affidavit that the account and report originally taken and confirmed is erroneous in this.

There is an item in the account against the defendant as guardian of the plaintiff of $3,150.22 as of 7th December, 1862, with interest to the time of taking the account. The defendant excepted to that item, and this Court sustained the exception in part and overruled it in part and referred it to the Clerk to reform the account. The aforesaid item was the proceeds of real estate sold by Blackmer as Clerk and Master prior to 7th December, 1862. It did not appear when the land was sold, or what portion, if any, of the $3,150.22 was interest. But it did appear from Blackmer's testimony, who was a witness in the cause on the part of the defendant, that he as Clerk and Master collected $1,385 of that sum in Confederate currency in 1862. And on that account the Court sustained the exception so far as to abate from the amount the depreciation of Confederate currency, but did not abate the interest, because it appeared that a portion of the $3,150.22, viz: $1,400 had been paid by Blackmer to the defendant in 1859 and 1860, and it did not appear that upon these payments the defendant had been charged with interest, and the Court assumed that what did

not appear did not exist, and therefore allowed the interest item to stand as it was for the reason fully explained in the opinion. Mr. Blackmer now sets forth in his affidavit that defendant had accounted for interest upon the $1,400, and that a part of the item of $3,150.22 was that interest. Taking the fact to be so, still it is the defendant's fault that he did not keep his guardian account so as to show the items. And this gross neglect on his part would prevent the Court from opening the account unless it were certain that injustice had been done.

But so far from Mr. Blackmer's affidavit satisfying us that the item of interest ought to be abated, it makes what was before somewhat obscure clear that it ought not. His affidavit is that only $2,908.99 of the item of $3,150.22 was principal money. Take that to be so. Then he says that he paid the defendant $400 May 20th, 1859, and $1,000 April 23d, 1860, and that the interest upon these items were put in the item $3,150.22. Take that to be so. Then it appears that he only accounted for interest upon $1,400 of the principal and did not account for interest upon the balance of principal, viz.: $1,508.00. So that he had accounted for interest upon less than half of the principal money. There may be some reason why the defendant did not account for interest upon the $1,508, balance of the principal, but it is his fault that he did not show the reason. He does not show when the sale was made or when the money was due. The only fact that appears to us is, that the sale must have been made prior to 1859, because in May, 1859, the Clerk and Master pays over to him a part of the sale money, $400, and although it did appear that a balance of principal money was not collected by Clerk and Master until 1862, yet it did not appear how much interest he had collected on it. And even if it be true that he did not receive interest from the Clerk and Master, yet he does not show why he did not, and the fact that he did not receive interest is no reason why

he should not account for interest if it appear that he ought to have received interest, as inferentially it appears that he ought. In short, it appears that prior to 1859 the plaintiff's land was sold for $2,908, and that to 7th December, 1862, she received interest upon only $1,400. Inferentially, she is entitled to interest upon the balance of $1,508.00. And if this inference does injustice to the defendant, it is his own fault, because, being the plaintiff's guardian, it was his duty to make a full exhibit of all the facts. But since Mr. Blackmer's late affidavit we are not left to inference that the balance of principal money did bear interest, for he says, "That after paying defendant $400 and $1,000 as aforesaid, this affiant received the balance of said principal sum with accrued interest as Clerk and Master of the late Court of Equity for Rowan county, in Confederate money, during the year 1862." Now, what became of the interest, and how much was it?

Mr. Blackmer swears he collected it and the defendant does not account for it. And although defendant was twice examined before the referees, and although Mr. Blackmer was twice examined before the referees and the account twice stated, yet it no where appears when the land was sold or how much interest was received prior to 7th December, 1862. And although the matter now under consideration, and the only matter is the amount of interest with which the defendant ought to be charged on the principal money before 7th December, 1862 and since, and although the defendant files Mr. Blackmer's affidavit to show that the defendant had been charged with too much interest, yet the affidavit only shows that he had accounted for interest ($241.23) on $1,400 paid in 1859–'60. And although he says he collected the "balance of principal and accrued interest in 1862," yet he does not say how much interest he collected and the defendant does not account for any.

So the most that can be made out of Mr. Blackmer's late

affidavit is, that $2,908.99 was the principal of the land money upon which defendant was liable for interest from the time when the sale notes fell due. Upon $1,400 he had accounted for interest, and upon $1,508 he had accounted for no interest, although the clerk and master collected it. Therefore it does not appear from Mr. Blackmer's affidavit that any injustice had been done to the defendant.

The report of the clerk is approved and confirmed.

PER CURIAM.                    Judgment accordingly.